# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KEVIN OMAR HARPER,**

      Plaintiff,

    **v.**                             **Case No. 20-CV-424**

**TERRY KROMBOS, et al.,**

      Defendants.

---

## ORDER

---

Plaintiff Kevin Omar Harper is representing himself in this § 1983 case. He filed his complaint in the U.S. District Court for the Western District of Wisconsin. Chief District Judge James Peterson screened Harper's complaint and allowed him to proceed on claims for deliberate indifference to Harper's serious medical condition. On March 18, 2020, the case was transferred to the Eastern District of Wisconsin and assigned to this court. On May 27, 2020, the court dismissed a Jane Doe officer who briefly interacted with Harper when she transported him from the intake area to his housing unit. The court explained that Harper failed to state a claim for deliberate indifference against her because he was not experiencing a medical emergency during his brief interaction with her and she directed him to raise his concerns with the housing unit officer.

About a week later Harper filed a motion for reconsideration. He asks that the Jane Doe officer be reinstated. He cites to Federal Rule of Civil Procedure 72(b), which

allows parties to object to a recommendation by a magistrate judge within fourteen days of the recommended disposition. A district judge may then accept, reject, or modify the magistrate judge's recommended disposition. However, Rule 72 does not apply to the court's decision because this case was not referred to a magistrate judge; it was assigned to a magistrate judge. On March 27, 2020, Harper consented to having a magistrate judge conduct all proceedings in this case. And, pursuant to a Memorandum of Understanding between the Wisconsin Department of Justice and this court, the defendants consented to the exercise of magistrate judge jurisdiction for purposes of screening. Accordingly, Rule 72 does not apply, so this court (not a district judge) will decide Harper's motion for reconsideration.

Harper's main argument is that Judge Peterson found that he had stated a claim against the Jane Doe officer when he screened the complaint, so this court should not overrule that finding. While Harper is correct that Judge Peterson found that his allegations "are sufficient to state an Eighth Amendment claim against defendants…John and Jane Doe correctional officers," the court notes that Judge Peterson went on to identify those John and Jane Doe defendants as the officers in the "intake area of Dodge Correctional [who] refused to obtain his asthma medication despite seeing that he was having trouble breathing." (ECF No. 5 at 3.) Judge Peterson's analysis is silent as to Harper's allegations against the Jane Doe officer who transported Harper from the intake area to his housing unit.

Under 28 U.S.C. § 1915A, a court must identify cognizable claims and dismiss any portion of the complaint if the complaint fails to state a claim upon which relief

may be granted. As the court explained, the Jane Doe transport officer had the extremely limited assignment of moving Harper from one part of the prison to another. She did not ignore Harper when he expressed his need for his inhaler; instead, she instructed him to raise his concerns with the officer assigned to his housing unit. During their brief encounter, Harper was not experiencing a medical emergency.

These allegations fail to state a claim upon which relief can be granted because, as other courts have observed, when there is no medical emergency, defendants who continue with their duties and direct prisoners to raise their medical complaints pursuant to prison policies do not violate the Constitution. *See Douglas v. Willson*, No. 18-C-844, 2019 WL 6618959 at *8 (E.D. Wis. Dec. 4, 2019); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.").

Harper disagrees with the court's decision, but his disagreement is not a sufficient basis for the court to reconsider that decision. Accordingly, the court will deny Harper's motion for reconsideration.

**IT IS THEREFORE ORDERED** that Harper's motion for reconsideration (ECF No. 29) is **DENIED**.

Dated in Milwaukee, Wisconsin, this 4th day of June, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

4